# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GAETANO LUPARELLO,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et. al.,<br><br>            Defendants.<br>                                                              / | CV F  02 5783  AWI SMS P<br><br>ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT AND AUGMENT STATUTORY ATTORNEY FEES<br>(Doc. 103) |

      On March 6, 2006, the parties entered into a settlement agreement  granting the Plaintiff the injunctive relief sought on his allegation that his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") were violated.  A stipulation and dismissal was submitted by the parties and an Order granting the dismissal was issued on March 27, 2006. Judgment was entered on May 18, 2006.

      On July 24, 2006, Plaintiff filed a Motion to Enforcement the Settlement Agreement and for Augmentation of Plaintiff's statutory attorney fees.  Defendants filed an Opposition on August 14, 2006.

      In Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375, 114 S.Ct. 1673 (1994), the U.S. Supreme Court considered the jurisdiction of federal courts to enforce settlement agreements.  The Court held that once parties to a lawsuit have settled and the district court has dismissed the case, the district court does not have ancillary jurisdiction to enforce the partie's settlement agreement.  Id. at 381.  Ancillary jurisdiction to enforce a settlement agreement may

1 arise if the "parties' obligation to comply with the terms of the settlement agreement had been
2 made part of the order of dismissal – either by [a] separate provision [in the order "retaining
3 jurisdiction"] or by incorporating the terms of the settlement agreement in the order." Kokkonen,
4 511 U.S. at 381; Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995).  Such specific
5 language confers the requisite jurisdiction because a breach of the agreement thereby violates the
6 order. Id. at 381.  Absent such specific language or an independent basis for jurisdiction, the
7 enforcement of a settlement agreement is for the state courts. Id. at 382.

      In this case, the Order of dismissal did not explicitly retain jurisdiction over the settlement agreement nor did the order incorporate the terms of the agreement.

      Accordingly, the Court HEREBY ORDERS:

1. The Motion to Enforce Settlement Agreement and for Augmentation of Attorney's Fees is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   September 16, 2006                   /s/ Anthony W. Ishii
0m8i78                                        UNITED STATES DISTRICT JUDGE